Justice Kennedy,
concurring in part and concurring in the judgment.
Two points should be underscored with respect to today’s decision. First, the knoek-and-announce requirement protects rights and expectations linked to ancient principles in our constitutional order. See Wilson v. Arkansas, 514 U. S. 927, 934 (1995). The Court’s decision should not be interpreted as suggesting that violations of the requirement are *603 trivial or beyond the law’s concern. Second, the continued operation of the exclusionary rule, as settled and defined by our precedents, is not in doubt. Today’s decision determines only that in the specific context of the knock-and-announce requirement, a violation is not sufficiently related to the later discovery of evidence to justify suppression.
As to the basic right in question, privacy and security in the home are central to the Fourth Amendment’s guarantees as explained in our decisions and as understood since the beginnings of the Republic. This common understanding ensures respect for the law and allegiance to our institutions, and it is an instrument for transmitting our Constitution to later generations undiminished in meaning and force. It bears repeating that it is a serious matter if law enforcement officers violate the sanctity of the home by ignoring the requisites of lawful entry. Security must not be subject to erosion by indifference or contempt.
Our system, as the Court explains, has developed procedures for training police officers and imposing discipline for failures to act competently and lawfully. If those measures prove ineffective, they can be fortified with more detailed regulations or legislation. Supplementing these safeguards are civil remedies, such as those available under Rev. Stat. § 1979, 42 U. S. C. § 1983, that provide restitution for discrete harms. These remedies apply to all violations, including, of course, exceptional cases in which unannounced entries cause severe fright and humiliation.
Suppression is another matter. Under our precedents the causal link between a violation of the knock-and-announce requirement and a later search is too attenuated to allow suppression. Cf. United States v. Ramirez, 523 U. S. 65, 72, n. 3 (1998) (application of the exclusionary rule depends on the existence of a “sufficient causal relationship” between the unlawful conduct and the discovery of evidence). When, for example, a violation results from want of a 20-second pause but an ensuing, lawful search lasting five hours discloses evi *604 dence of criminality, the failure to wait at the door cannot properly be described as having caused the discovery of evidence.
Today’s decision does not address any demonstrated pattern of knock-and-announce violations. If a widespread pattern of violations were shown, and particularly if those violations were committed against persons who lacked the means or voice to mount an effective protest, there would be reason for grave concern. Even then, however, the Court would have to acknowledge that extending the remedy of exclusion to all the evidence seized following a knock-and-announce violation would mean revising the requirement of causation that limits our discretion in applying the exclusionary rule. That type of extension also would have significant practical implications, adding to the list of issues requiring resolution at the criminal trial questions such as whether police officers entered a home after waiting 10 seconds or 20.
In this case the relevant evidence was discovered not because of a failure to knock and announce, but because of a subsequent search pursuant to a lawful warrant. The Court in my view is correct to hold that suppression was not required. While I am not convinced that Segura v. United States, 468 U. S. 796 (1984), and New York v. Harris, 495 U. S. 14 (1990), have as much relevance here as Justice Scalia appears to conclude, the Court’s holding is fully supported by Parts I through III of its opinion. I accordingly join those Parts and concur in the judgment.